Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260 Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Kimberly Edmonds**, an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **1226Murr, LLC d/b/a All-Star Grooming, Pet Boarding, Daycare & Training**, an Arizona company; and **Gordon Gage,** an Arizona resident; | |
| | **(Jury Trial Requested)** |
| Defendants. | |

Plaintiff Kimberly Edmonds ("**Plaintiff**"), for her Verified Complaint against Defendants 1226Murr, LLC d/b/a All-Star Grooming, Pet Boarding, Daycare & Training ("**All-Star**"); and Gordon Gage; (all together known as **"Defendants"**), hereby alleges as follows:

## **NATURE OF THE CASE**

1.   Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"

or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover minimum wage compensation, liquidated damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the AWS.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff's state law claims are sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claims under the Arizona Minimum Wage Statute and Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Plaintiff was employed by Defendants in this District.

## PARTIES

8. At all relevant times to the matters alleged herein, Plaintiff Kimberly Edmonds resided in the District of Arizona.

9. Plaintiff Kimberly Edmonds was a full-time employee of Defendants from on or around August 24, 2022, until on or around October 20, 2022.

10. At all relevant times, Plaintiff Kimberly Edmonds was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiff Kimberly Edmonds was an employee of Defendants as defined by A.R.S. § 23-362(A).

12. At all relevant times, Plaintiff Kimberly Edmonds was an employee of Defendant All-Star as defined by A.R.S. § 23-350(2).

13. Defendant All-Star is a company authorized to do business in Arizona.

14. Defendant All-Star was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

15. Defendant All-Star was Plaintiff's employer as defined by A.R.S. § 23-362(B).

16. Defendant All-Star was Plaintiff's employer as defined by A.R.S. § 23-350(3).

17. Defendant Gordon Gage is an Arizona resident.

18. Defendant Gordon Gage has directly caused events to take place giving rise to this action.

19. Defendant Gordon Gage is a member of All-Star.

20. Defendant Gordon Gage is an owner of All-Star.

21. Defendant Gordon Gage is an employer for All-Star.

22. Defendant Gordon Gage has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

23. Defendant Gordon Gage has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

24. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Gordon Gage is an employer.

25. Defendant Gordon Gage had the authority to hire, fire, and interview employees.

26. Defendant Gordon Gage interviewed and hired Plaintiff on or around August 24, 2022.

27. Defendant Gordon Gage fired Plaintiff on or around October 20, 2022.

28. Defendant Gordon Gage supervised and controlled the conditions of Plaintiff's employment.

29. Defendant Gordon Gage was in charge of creating employee schedules.

30. Defendant Gordon Gage determined the rate and method of Plaintiff's payment of wages.

31. On October 20, 2022, Plaintiff texted Defendant Gordon Gage and told him she would like to pick up her final paycheck, rather than have it mailed.

32. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Gordon Gage is subject to individual and personal liability under the FLSA.

33. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

34. Defendants, and each of them, are sued in both their individual and corporate capacities.

ZOLDAN LAW GROUP, PLLC
5050 N. 40th St., Suite 260, Phoenix, AZ 85018
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

Doc ID: e61a50a1f9e702bacd670807bd57f4180520cfa9

35. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

36. Plaintiff has a good faith reasonable belief that in her work for All-Star, she was employed by an enterprise engaged in commerce that had or will have annual gross sales of at least $500,000 in 2022.

37. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

38. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

39. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

40. Plaintiff would communicate with Defendants via text message.

41. Plaintiff is a covered employee under individual coverage.

42. Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

43. The entity Defendant is a pet care business.

44. On or around August 24, 2022, Plaintiff Kimberly Edmonds commenced employment with Defendants as a care giver.

45. Plaintiff's primary job duties included watching and feeding dogs, giving medications, and doing prep work.

46. From on or around August 24, 2022, to on or around October 20, 2022, Plaintiff was to be paid at a rate of $16 an hour.

47. Plaintiff was a non-exempt employee.

48. Plaintiff has not been paid her final paycheck.

49. Plaintiff is owed approximately $488 in back wages.

50. Plaintiff has also not received her $1,000 sign-on bonus.

51. Defendants failed to properly compensate Plaintiff for her hours worked.

52. Plaintiff, therefore, did not receive her FLSA minimum wage or Arizona minimum wage.

53. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

54. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

55. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. § 516.4.

56. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

57. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

58. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

59. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

60. Defendants have intentionally failed and/or refused to pay Plaintiff's

minimum wage according to the provisions of the FLSA.

61. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 206.

62. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

63. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

64. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

65. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

66. Defendants have not made a good faith effort to comply with the FLSA.

67. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)**

68. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

69. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

70. Defendants intentionally failed and/or refused to pay Plaintiff's full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

71. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

72. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

### COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
### (ONLY AGAINST DEFENDANT ALL-STAR)

73. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

74. At all relevant times, Plaintiff was employed by Defendant All-Star within the meaning of the Arizona Wage Statute.

75. Defendant All-Star was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

76. Defendant All-Star was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

77. Defendant All-Star failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

78. Defendant All-Star has willfully failed and refused to timely pay wages due to Plaintiff.

79. As a result of Defendant All-Star's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

　i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

　iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

　v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court;

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED November 9, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Kimberly Edmonds declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Kimberly Edmonds